IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ANNE CORI, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 3:17-cv-00590-MJR-SCW |
| | ) |
| EDWARD R. MARTIN, JR., et al. | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND FOR AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar and Shirley Curry (collectively, "Plaintiffs") state as follows for their Memorandum in Support of Plaintiffs' Motion to Remand and for Award of Attorney's Fees and Costs.

### INTRODUCTION

The removal presently before this Court is nothing more than a delay tactic. On May 1, 2017, the Circuit Court for Madison County (the "Madison County Court") entered its order scheduling a hearing on pending motions for contempt against defendants Edward R. Martin, Jr. ("Martin") and John Schlafly for June 8-9, 2017. On June 2, 2017, before Eagle Trust Fund had even been served with process, Eagle Trust Fund, controlled by John Schlafly as a trustee, filed a Notice of Removal (the "Notice") [Doc. No. 1] removing this action on the alleged basis of federal question jurisdiction.[1] This is not the first time John Schlafly, either individually or

---

[1] The following contempt motions were set for hearing on June 8-9, 2017: [1] Plaintiffs' Motion for Order to Show Cause Why Nominal Defendant Eagle Forum Should Not be Held in Contempt of Court for Violation of Temporary Restraining Order; [2] Plaintiffs' Second Motion for Contempt Related to the Mailing List; [3] Plaintiffs' Motion for Criminal Contempt; [4] Plaintiffs' Motion for Order to Show Cause Why Defendants John F. Schlafly and Edward R. Martin, Jr. Should Not be Held in Contempt of Court for Violation of the October 20, 2016 Order; [5] Eagle Forum's Motion for Civil Contempt Against Defendants Edward R. Martin, Jr. and John Schlafly; [6] Eagle Forum's Supplemental Motion for Civil Contempt Against Defendants Edward R. Martin, Jr. and John Schlafly; [7] Eagle Forum's Second Supplemental Motion for Civil Contempt Against Defendant John Schlafly; [8]

SL 2372765.2

under the guise of Eagle Trust Fund, has sought to frustrate the progress of this action before the Madison County Court. Indeed, on June 20, 2016, the morning before numerous motions to enforce discovery were to be heard before the Madison County Court, John Schlafly filed a motion to disqualify Plaintiffs' counsel, effectively delaying the discovery motions until August 31, 2016. Then, on October 19, 2016, the morning before a hearing on an emergency motion for temporary restraining order (which sought to remove John Schlafly from his position with Eagle Forum for disloyalty and malfeasance), Eagle Trust Fund filed a lawsuit in the Eastern District of Missouri, with the caption *Phyllis Schlafly Revocable Trust, et al. v. Anne Cori, et al.*, No. 4:16CV01631JAR (E.D. Mo. filed Oct. 19, 2016), in an (unsuccessful) attempt to delay those proceedings.

As with previous delay tactics, the present removal was filed by Eagle Trust Fund without any objectively reasonable basis as an improper attempt to further delay John Schlafly's day of reckoning. Indeed, the removal fatally suffers from both procedural and substantive defects which wholly frustrate this Court's exercise of original jurisdiction. Specifically, Eagle Trust Fund admits that it has not obtained consent for its removal from defendant Eagle Forum, despite the fact that Eagle Forum's property rights are at the heart of this lawsuit. Moreover, Eagle Trust Fund attempts to mischaracterize the ownership dispute (over Eagle Forum property) as implicating federal claims of infringement when it is clearly limited to property rights. Each of these shortcomings separately and independently dooms Eagle Trust Fund's attempt to invoke federal question jurisdiction. Construing all doubt surrounding Eagle Trust Fund's removal in

---

Eagle Forum's Second Supplemental Motion for Civil Contempt Against Defendant Edward R. Martin, Jr.; and [9] Eagle Forum's Third Supplemental Motion for Civil Contempt Against Defendant John Schlafly. A true and accurate copy of the contempt motions set for hearing on June 8-9, 2017 before the Madison County Court are attached hereto as **Group Exhibit C** and incorporated herein by reference. As noted above, Eagle Trust Fund has not even been served with the present lawsuit. As of June 2, 2017, the timeline for Eagle Trust Fund to file removal papers had not even commenced. The timing of Eagle Trust Fund's removal can only be seen as a desperate ploy to delay hearings on the numerous contempt motions filed against its trustee, John Schlafly.

favor of remand, as this Court must, it is inescapable that this action should be remanded to the Madison County Court and that this Court should enter an order on the same granting Plaintiffs their reasonable attorney's fees and costs incurred in connection with the removal and remand.

## BACKGROUND

On April 22, 2016, Plaintiffs filed this action in the Circuit Court for Madison County against Martin, John Schlafly and Eagle Forum, asserting claims for breach of fiduciary duty, declaratory judgment and injunctive relief. A true and accurate copy of the Verified Complaint is attached hereto as **Exhibit A** and incorporated herein by reference. Notably, Plaintiffs' initial Verified Complaint identified Eagle Forum's intellectual property and the website owned by Eagle Forum, identified by the URL http:/www.eagleforum.org (the "Eagle Forum Website"), as owned by Eagle Forum. See Verified Complaint, at ¶64(i) (defining "the website domain name 'eagleforum.org'" and "associated intellectual property" as Eagle Forum property). The scope of Eagle Forum property, as set forth in Plaintiffs' initial Verified Complaint is instructive to the overall scope of the initial Verified Complaint because Plaintiffs asserted an equitable accounting claim, which sought "an inventory and accounting of the Eagle Forum Property which is currently in possession of [Eagle Forum]." *Id.* at ¶ 96.

More than a year later, on May 22, 2017, the Madison County Court entered its order granting Plaintiffs' motion for leave to file their First Amended Complaint (the "FAC"), which added certain new defendants, including Eagle Trust Fund, to the instant action. A true and accurate copy of the FAC is attached to Eagle Trust Fund's Notice as Exhibit 1 [Doc. No. 1-1] and incorporated herein by reference. In addition to the inclusion of new parties, the FAC also expanded the claim for declaratory relief set forth in the initial Verified Complaint regarding the ownership of certain property (identified as Eagle Forum property in both the initial Verified

Complaint and the FAC).  *See* FAC, ¶ 242 (seeking a "declaration regarding any conflicting claims of rights to ownership, custody, or control of, and access to, any property, assets and resources of Eagle Forum, including but not limited to Eagle Forum Property").  Such property specifically included the "website owned by Eagle Forum, identified by the URL http:/www.eagleforum.org" and "the service mark registered to Eagle Forum on August 7, 2001, EAGLE FORUM®, with Registration No. 2,475,317" (the "Eagle Forum Mark").  *Id*. at ¶ 104(j).  In response to Plaintiffs' FAC, Eagle Forum has filed cross-claims asserting breach of fiduciary duty, aiding and abetting breach of fiduciary duty, civil conspiracy, conversion, unjust enrichment, breach of contract and violations of the Illinois Charitable Trust Act, regarding numerous bad acts undertaken with regard to Eagle Forum property.  A true and accurate copy of Nominal Defendant Eagle Forum's Answer to Plaintiffs' Amended Complaint and Cross-Claims is attached hereto as **Exhibit B** and incorporated herein by reference.

On June 2, 2017, Eagle Trust Fund filed its Notice removing the present action to this Court.

## STANDARD OF REVIEW

A defendant may remove a civil suit filed in state court so long as the district court has original federal question jurisdiction. 28 U.S.C. § 1441.  However, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  Moreover, as part of its "nondelegable duty to police the limits of federal jurisdiction with meticulous care," *Market St. Assocs. Ltd. P'Ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991), courts should look beyond how parties characterize claims to the "real nature of the claim asserted." *See Jones v. Gen. Tire & Rubber*

*Co.*, 541 F.2d 660, 664 (7th Cir. 1976) ("Removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the plaintiff.").

"The burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Any doubt regarding jurisdiction should be resolved in favor of the states." *Id.* (citing *Jones,* 541 F.2d at 664). "Put another way, there is a strong presumption in favor of remand." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 (S.D. Ill. 2006); *Jones*, 541 F.2d at 664 ("It is well established that the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance."); *see also Littleton v. Shelter Ins. Cos.*, CIVIL NO. 99-912-GPM, 2000 U.S. Dist. LEXIS 4631, at *2 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

## ARGUMENT

I. **EAGLE TRUST FUND'S REMOVAL IS PROCEDURALLY DEFECTIVE BECAUSE EAGLE FORUM DID NOT CONSENT TO REMOVAL.**

In order to effectively remove an action to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 499 (7th Cir. 2012) ("Removal requires the consent of all defendants."). If all defendants have not consented to removal, "a removing defendant may explain such absence of consent by showing that [1] a non-consenting co-defendant was not served at the time of removal, [2] that the co-defendant was fraudulently joined, or [3] that the co-defendant is a nominal party." *Yount*, 472 F. Supp. 2d at 1061. In its Notice, Eagle Trust Fund alleges that Eagle Forum's consent is not required for removal because

it is a nominal party. *See* Notice at ¶ 21 ("All Defendants consent to this removal, except for the nominal Defendant Eagle Forum, from which consent is not required.").

"A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation." *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991); *Roche v. Country Mut. Ins. Co.*, No. 07-367-GPM, 2007 U.S. Dist. LEXIS 48921, at *16 (S.D. Ill. July 6, 2007) ("In general, a nominal party is simply a stakeholder in a litigation."). For purposes of removal, a nominal party is marked by their "disinterest" in the proceedings in which they have been named. *See Yount*, 472 F. Supp. 2d at 1061 (citing *Lehr v. McCord*, No. 1:02-CV-1636-LJM-WTL, 2003 U.S. Dist. LEXIS 8481, 2003 WL 21147365, at *3 (S.D. Ind. Mar. 11, 2003) ("[A] nominal defendant has no interest in the property that is the subject matter of the litigation.")); *id.* (citing *Alberto-Culver Co. v. Sunstar, Inc.*, No. 01 C 5825, 2001 U.S. Dist. LEXIS 17102, 2001 WL 1249055, at *2 (N.D. Ill. Oct. 17, 2001) ("Nominal parties are mere stakeholders or depositories of the subject matter in dispute and have no interest in the result of the litigation.")); *id.* (citing *Thomas v. Klinkhamer*, 00 C 2654, 2000 U.S. Dist. LEXIS 9851, at *10-11 (N.D. Ill. July 10, 2000) ("[A] defendant is nominal when it is disinterested in the suit, and is named only in a subordinate or possessory capacity.").

In considering the present removal, where this Court is required to construe doubts in favor of the states, established case law clearly demonstrates that Eagle Forum cannot be considered a nominal party for removal purposes. *See Yount*, 472 F. Supp. 2d at 1061 (noting that, when determining whether nonconsenting defendant was nominal, "the Court is required to construe doubts against removal"). Indeed, the definition of what constitutes Eagle Forum Property (e.g., whether it includes the Eagle Forum Website or the Eagle Forum Mark) is at the

core of the FAC. Eagle Forum is not *disinterested* as to the outcome of the present litigation; in reality, its vitality *depends* on it. That Eagle Forum's role is not limited to a passive custodian of assets is further confirmed by Count VIII of Plaintiffs' FAC: Eagle Forum is a named defendant in Plaintiffs' Equitable Action for Accounting. *See* FAC, ¶¶ 219-26. Not only does Eagle Forum have clear property interests in this litigation, it has claims directed *against it* by Plaintiffs (not to mention motions for contempt and to enforce discovery) and has asserted cross-claims and counterclaims during the pendency of this action. Eagle Forum is clearly more than a nominal defendant. Where, as here, all doubts are construed against Eagle Trust Fund and in favor of remand, there can be no dispute: Eagle Forum is a party whose consent is required to effectuate removal. Eagle Trust Fund's failure to obtain such consent is inexcusable and fatal to its removal. Accordingly, this Court should remand the present action to the Madison County Court.

II. **EAGLE TRUST FUND'S REMOVAL IS SUBSTANTIVELY DEFECTIVE BECAUSE ISSUES CONCERNING THE OWNERSHIP OF COPYRIGHTS AND TRADEMARKS ARISE UNDER STATE LAW.**

The Notice filed by Eagle Trust Fund alleges that Plaintiffs' FAC invokes federal question jurisdiction because Plaintiffs' claim for declaratory relief is preempted by the Copyright Act and the Lanham Act.[2] *See* Notice, pp. 4-5 at ¶¶ 10-12 ("Plaintiffs seek[] control over copyrighted and trademarked material, which necessarily invokes questions under federal copyright and trademark laws, including pre-emption issues relating to those federal laws…"). However, the "real nature of the claim[s] asserted" by Plaintiffs in their FAC, regarding intellectual property, concern exclusively common law issues of ownership. *See Jones*, 541 F.2d at 664.

---

[2] Notably, the Lanham Act itself prohibits preemption. *See* 15 U.S.C. §§ 1051, *et seq*. State and federal trademark claims can be brought concurrently.

Although federal law defines or is relevant to the property rights in copyrights and trademarks, the question of "who owns the property thus defined is a question of state law." *Country Mut. Ins. Co. v. Am. Farm Bureau Fedn.*, 876 F.2d 599, 601 (7th Cir. 1989); *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001) (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964) ("[A] dispute about the ownership of a copyright does not arise under federal law, even though the dispute could not exist but for the property right created by copyright.")); *see also Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994) ("Many federal rules serve as the jumping-off point for state claims without converting these into claims under federal law."); *Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1194-95 (7th Cir. 1987).

Where "[a]ny doubt regarding jurisdiction should be resolved in favor of the states," it is clear the Plaintiffs' FAC cannot implicate federal question jurisdiction. *Doe*, 985 F.2d at 911 (citing *Jones*, 541 F.2d at 664). Plaintiffs' FAC seeks a "declaration regarding any conflicting claims of **rights to ownership, custody, or control of, and access to, any property, assets and resources of Eagle Forum**, including but not limited to Eagle Forum Property." *See* FAC, ¶ 242 (emphasis added). Moreover, there are no claims or espoused legal theories regarding infringement of intellectual property contained within the FAC. *Id.*[3] Accordingly, Eagle Trust Fund cannot credibly assert that Plaintiffs have asserted anything more than common law ownership claims over intellectual property which contains a "federal ingredient." *Int'l Armor*,

---

[3] Eagle Trust Fund essentially admits as much in its allegation that "a finding in Plaintiffs' favor on their claims would render" defendants' conduct as a violation of the Copyright Act. *See* Notice, ¶ 9. Stated differently, Eagle Trust Fund cannot identify any federal questions in Plaintiffs' FAC but can envision such questions occurring elsewhere. This is wholly insufficient for removal. *See Saturday Evening Post*, 816 F.2d at 1195 (noting that "federal jurisdiction depends on the complaint rather than on the answer, counterclaim, or other subsequent pleadings").

272 F.3d at 915. At the very least, substantial doubt exists which must be construed in favor of remand.

That Plaintiffs' FAC does not invoke federal question jurisdiction, either directly or under a theory of preemption, is especially true here because Plaintiffs do not seek relief unique and identical (or even close) to the relief contemplated by the Lanham Act or the Copyright Act. *See Int'l Armor*, 272 F.3d at 917 (trademark ownership dispute is state law claim where the parties "do not contend that the Lanham Act affords any remedy that is unavailable under the state law of contract, or makes that remedy easier to obtain, or in this case serves any role other than as a veneer laid over the state-law core"); *T. B. Harms*, 339 F.2d at 828 (federal jurisdiction under Copyright Act exists "if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, … or asserts a claim requiring construction of the Act … or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim"); *see also Prominent Consulting LLC v. Allen Bros.*, 543 F. Supp. 2d 877, 879 (N.D. Ill. 2008) (noting that "[t]he Seventh Circuit appears to follow the classic formulation of the test for 'arising under' jurisdiction… articulated" in *T.B. Harms*).

Plaintiffs' FAC seeks declaratory judgment regarding an ownership dispute over certain property, which includes intellectual property. *See* FAC, ¶ 242. No legal theories of copyright or trademark infringement are set forth in the FAC or in any prior papers filed in the present action. Accordingly, this Court should remand the present action to the Madison County Court.

### III. PLAINTIFFS ARE ENTITLED TO AN AWARD OF THEIR ATTORNEY'S FEES AND COSTS INCURRED AS A RESULT OF EAGLE TRUST FUND'S REMOVAL.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The Supreme Court held that attorney's fees may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). For the reasons discussed above, Eagle Trust Fund had no objectively reasonable basis for removing this case. The burden borne by Eagle Trust Fund on removal, coupled with the case law which requires that Eagle Forum consent to removal and rejects federal question jurisdiction where infringement is superficially tacked upon state-law ownership claims, put Eagle Trust Fund on notice of the futility of its removal before John Schlafly authorized the filing of the paperwork.[4] This removal was not in good faith and, in fact, was an improper delay tactic designed to avoid the contempt motion hearings set on June 8-9, 2017. Accordingly, Plaintiffs are entitled to an award against Eagle Trust Fund of their reasonable attorney's fees and costs incurred in connection with the removal and remand.

### CONCLUSION

In light of the foregoing arguments and authorities, this Court should remand this action to the Madison County Court and enter its order granting Plaintiffs an award of their attorney's fees and costs.

---

[4] Notably, Eagle Trust Fund's counsel received case law on the futility of removal in connection with the related lawsuit captioned *Eagle Forum, et al. v. Phyllis Schlafly's American Eagles*, No. 3:16-cv-00945-DRH-RJD (S.D. Ill. filed Aug. 24, 2016). Plaintiffs, as part of a motion to dismiss counterclaims asserted against them [Doc. No. 78, pp. 9-10], alerted counsel to Eagle Trust Fund that a state law ownership dispute cannot simply be smuggled into district court under the guise of purported infringement claims.

|  |  |
|---|---|
|  | SPENCER FANE LLP |
| DATED: June 9, 2017 | By: /s/ Erik O. Solverud<br>Erik O. Solverud    #IL6231306<br>Megan D. Meadows   #IL6314885<br>Eric D. Block       #IL6315217<br>Arthur D. Gregg     #IL6319204<br>1 N. Brentwood Blvd., Suite 1000<br>St. Louis, MO 63105<br>(314) 863-7733 (Telephone)<br>(314) 862-4656 (Facsimile)<br>esolverud@spencerfane.com<br>mmeadows@spencerfane.com<br>eblock@spencerfane.com<br>agregg@spencerfane.com<br><br>*Attorneys for Plaintiffs Anne Schlafly Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar and Shirley Curry* |

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this document was filed with the Court's electronic filing system on June 9, 2017, which will send notice to:

James Sanders
Jessica Powers
Zachary McMichael
SmithAmundsen
120 S. Central Ave., Suite 700
St. Louis, MO 63105

*Attorneys for Eagle Forum*

Barry Noeltner
Richard Hunsaker
Alicia Biesinger
Heyl, Royster, Voelker & Allen
105 W. Vandalia Street, Suite 100
Edwardsville, IL 62025

*Attorneys for Defendants Edward R. Martin, Jr. and John F. Schlafly*

Nelson L. Mitten
Paul A. Grote
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, MO 63105
*Attorneys for Defendants Eagle Trust Fund and Eagle Forum Education and Legal Defense Fund*

Donald J. Ohl
Jessica B. Brasel
Knapp, Ohl & Green
P.O. Box 446
Edwardsville, IL 62025

*Attorneys for Counterclaim-Defendant Anne Schlafly Cori*

Kristine M. Mack
Donovan Rose & Nester, P.C.
201 S. Illinois Street
Belleville, IL 62220

*Attorneys for Counterclaim-Defendant Cathie Adams*

/s/ Erik O. Solverud