## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANNE SCHLAFLY CORI, as a
Director and the Executive Director
of Eagle Forum, et al.,

    Plaintiffs,

v.                                      No. 3:17−cv–590-DRH-RJD

EDWARD R. MARTIN, JR.,

And

JOHN F. SCHLAFLY

    Defendants,

And

EAGLE FORUM, an Illinois Not for
Profit Corporation,

    Nominal Defendant.

## <u>MEMORANDUM AND ORDER</u>

HERNDON, District Judge:

### I.     Introduction

Now before the Court are Cori and Eagle Forum's motions to remand (Docs. 19 & 22). Cori moves this Court to remand the case because this Court lacks subject matter jurisdiction as there is no diversity jurisdiction and no federal question jurisdiction. Eagle Forum moves to remand due to a defect in procedure when Defendant Eagle Forum did not consent to removal, as is required. *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982).

Martin Jr. opposes the motions, arguing that the Court has federal question jurisdiction over Cori's complaint (Doc. 23) and that Eagle Forum is a nominal defendant and therefore its consent was not required. Since this court finds there is no subject matter jurisdiction, the motions based on procedural defect are moot and not discussed here. Based on the record and the applicable case law, the Court **GRANTS** Plaintiff's motion to remand, **DENIES** Plaintiff's motion for attorney's fees and **DENIES** as moot Eagle Forum's motion.

## II.     Standard of Review

The well-pleaded complaint doctrine states that federal question jurisdiction is present where the face of the complaint alleges a violation of federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule is designed to make the plaintiff the "master of the claim," that is, he or she can avoid federal jurisdiction by solely relying upon state law. *Id.* The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993).

Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves to a reasonable probability that jurisdiction exists." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997).

The federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In assessing the propriety of removal based on federal question jurisdiction, the district court applies a rule which provides that such jurisdiction exists "only when the federal question is presented on the *face* of the plaintiff's properly pleaded complaint." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996).

### III.    Analysis

In the case at hand, Plaintiffs have filed suit under a series of common law breach of fiduciary and contract claims against Defendant and seek injunctive relief along with a declaration that the property in dispute belongs in fact to the Eagle Forum organization. Defendants characterize the sought declaration and injunction as invoking issues of federal law since the property sought by Plaintiffs is copyrightable material and a registered trademark. Defendant claims these claims of ownership assert legal rights equivalent to those provided by the

Copyright act because a finding in favor of the Plaintiffs would render Defendant's actions infringing.

As stated above, the Plaintiff is the "master of the claim" in that they may avoid federal jurisdiction by exclusively relying on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Nowhere in the Plaintiff's original or amended complaint is there any mention of a federal statute or the Lanham Act, nor is there reliance on any federal cause of action. Thus, it would appear on the face of the complaint that no federal question has been raised.

However, Defendants argue because ownership of intellectual property is in dispute, then there is an implied federal issue since any action taken by the losing side would immediately be infringing. While there is a degree of logic to this argument, precedent holds that ownership disputes concerning intellectual property do not independently suffice federal question jurisdiction as required by 28 U.S.C. § 1331. *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001) citing *T.B. Harms Co. v. Elisco*, 339 F.2d 823 (2d Cir. 1964) ("a dispute about the ownership of a copyright does not arise under federal law, even though the dispute could not exist but for the property right created by copyright"). This reasoning was later extended to trademarks. See *Country Mutual Insurance Co. v. American Farm Bureau Federation*, 876 F.2d 599, 601 (7th Cir. 1989).

Thus, without an issue of federal law present on the face of the complaint and unable to point to a federal question as the "real nature of the claim

asserted," Defendants rely on claiming they will file later counterclaims that will suffice federal question jurisdiction. *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). However, the Supreme Court has held that only the complaint may be considered when determining jurisdiction, including counterclaims in the determination would potentially defeat the plaintiff's choice of forum and "radically expand the class of removable cases." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).

With all claims for federal question jurisdiction defeated and diversity jurisdiction unavailable, this court does not have subject matter jurisdiction over the case and it must be remanded to its court of origin.

## IV. Attorney's Fees

The Supreme Court has stated attorney's fees should not be awarded under 28 U.S.C. § 1447(c) when the removing party "has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). Here, had the Defendants solely removed this case based on their potential counterclaims, it would be objectively unreasonable. However, the issues raised regarding copyright and trademark infringement giving rise to federal question jurisdiction are close matters and do not rise to level of being objectively unreasonable. Therefore, no fees should be awarded in this case.

## V.    Conclusion

Therefore, for the foregoing reasons the Court **GRANTS** the Plaintiff's motion to remand (Doc. 19) and **DENIES** Plaintiff's motions for attorney's fees.

The Eagle Forum motion to remand (Doc. 22) is **DENIED** as moot. The case is

**REMANDED** to the Circuit Court of Madison County, Illinois.

    **IT IS SO ORDERED.**

Judge Herndon
2017.10.31
12:24:14 -05'00'

**UNITED STATES DISTRICT JUDGE**