# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANNE SCHLAFLY CORI, as a Director
and the Executive Director of Eagle Forum,
et al.,**

    Plaintiffs,

v.                                  Case No. 17-cv-590-DRH-RJD

**EDWARD R. MARTIN, JR.,
And
JOHN F. SCHLAFLY**

    Defendants,

And

**EAGLE FORUM, an Illinois Not for Profit
Corporation,**

    Nominal Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Pending before the Court is Defendants' motion for reconsideration (Doc. 114). Specifically, Defendants move the Court to consider its October 31, 2017 Memorandum and Order granting Plaintiff's motion to remand (Doc. 111). Based on the following, the Court **DENIES** the motion.

### Standard of Review

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)).

Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' "the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006).

Defendants contend that the Court misapprehended the issue in this case and made a manifest error of law when the Court decided that claims put forth by Plaintiffs did not grant federal jurisdiction, nor did the counterclaims alleged by the Defendants. After reviewing the record again, it is clear that no federal jurisdiction exists through the original claims in the complaint, but also that this Court did not devote sufficient time to discussing why the Defendant's counterclaims are insufficient as well. Although Defendants are correct that 28 USC § 1454, the America Invents Act, does allow for counterclaims alleging patent or copyright infringement to suffice federal jurisdiction, those counterclaims must independently survive review of the Court.

## Analysis

The parties to this action have engaged in extensive litigation across multiple circuits over largely the same issues. Beyond this case, which originated in Madison County, this court currently is adjudicating *Cori et al v. Phyllis Schlafly's American Eagles, et al*, the Eastern District of Missouri has *Phyllis Schlafly Revocable Trust et al v. Cori et al*, and the same parties are litigating over the estate of the deceased Ms. Schlafly in St. Louis County Probate Court.

Due to the litany of cases between the parties, it is necessary to understand how they tie to one another. In the *Revocable Trust* case complaint and the *American Eagles* counterclaims, the Defendants raised issues concerning the ownership and use of trade secrets, trademarks, and unfair competition. In this

case and the *American Eagle* case, the Plaintiffs pursued claims regarding breach of fiduciary duty, trademark infringement, and unfair competition. These three cases are so similar that both parties have copied entire sections of their arguments from one complaint and included it in the other two.

Indeed, the Eastern District of Missouri found it prudent to stay their case pending the resolution of this action since the claims made and remedies sought are "substantially similar to those made and sought here. Furthermore, both put the same property at issue and involve the same parties." (Order staying case (Doc. 82) in the EDMO Revocable Trust case).

Thus, it is curious that the Defendant's counterclaims in this case include assertions of copyright infringement when that issue does not appear in any of the other litigation under similar circumstances. In fact, Defendants filed counterclaims under the exact same circumstances in the *American Eagles* case but the issues raised there were limited to trademark infringement, rights of publicity, unfair competition, and the validity of a license to use certain trademarks. (Counterclaim (Doc. 68) in the SDIL American Eagles case).

The sole difference between that case and this one is that Plaintiffs originally brought the *American Eagles* case in federal court while this case was originally brought in Madison County, removed to this court by Defendants and Plaintiffs sought to remand the case back to Madison County. This is the only instance in any of the litigation where federal jurisdiction has been questioned

and it is clear to this court that Defendants inserted their claims for copyright infringement not to seek a remedy, but only to support jurisdiction.

The Supreme Court has stated previously that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction". *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946). Thus, whether the counterclaims submitted by the Defendants can suffice federal question jurisdiction is dependent on whether or not they are material to the case at hand.

In the amended complaint submitted by the Plaintiffs, the counts include breach of fiduciary duty, equitable action for accounting, declaratory judgment, and injunctive relief. The core remedy sought by Plaintiffs is a determination by the court that the current directors legally ousted the Defendants from their positions on the Eagle Forum 501(c)(4) board and that the current directors are in total legal control of the organization. Verified Complaint (Doc. 20-1). There is no mention of the eagleforum.org website or any of the copyrighted materials alleged to be contained on the site nor is there any request for the ownership of copyrights be transferred or determined.

The closest the complaint comes is in count IV, which seeks an equitable accounting of the assets currently held by the Eagle Forum organization. The words chosen by Plaintiffs to describe what they wish accounted for are "accounts and assets," which when viewed through the lens of the rest of the

complaint, clearly reference the physical assets held in the Eagle Forum offices, which the Plaintiffs were denied entry to, and the Eagle Forum accounts at various banking institutions. Even when construed in the most liberal fashion, the Plaintiffs only seek the remedy of an accounting, not the transfer or declaration of any assets as belonging to one party or another. *Id.*

This is contrasted by Defendants' counterclaims, which concerns alleged copyright violations by the Plaintiffs in controlling the website eagleforum.org and works contained on the site, including banner artwork and a number of written works available through the site. Following these allegations of copyright infringement, the Defendants continue by copying their claims from the Eastern District of Missouri case and pasting it for the following eight counts, terminating with count XV. These later counterclaims are largely the same as those brought in the *American Eagles* case, where they were summarily dismissed with prejudice. (Order Dismissing Counterclaims (Doc. 99) in the SDIL American Eagles case).

Viewing all this, there is clearly a disconnect between the complaints of each party. The Plaintiffs seek remedies to contractual issues due to breach of fiduciary duty, an accounting of the organization from which they had been denied access to, and to limit the ability of defendants to enact reprisals against Plaintiffs by draining the bank accounts of the organization. The Defendants seek remedies to copyright and trademark infringement concerning the website and works available through it. These issues are not the same nor

are they particularly related to one another. Unlike in the *Hood* case, where the complaints alleged by the Plaintiff "form[ed] the sole basis of the relief sought," these counter complaints have nothing to do with the relief Plaintiff seeks. *Bell v. Hood*, 327 U.S. at 683.

Accordingly, the Court finds the copyright counter complaints brought by the Defendants to be immaterial and made solely for the purpose of obtaining jurisdiction. Since the only counter complaints that may suffice federal jurisdiction are those brought under a theory relating to patents, plant variety protection, or copyrights, the remaining claims need not be considered. 28 U.S.C. § 1454. Bearing in mind that Plaintiffs have previously filed for remand and Defendants no longer have an actionable claim to suffice federal jurisdiction, the Court finds it does not have jurisdiction over this matter.

Therefore, the Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED**.

Judge Herndon
2018.02.01
13:50:50 -06'00'

**UNITED STATES DISTRICT JUDGE**